New Jersey Department of Labor,
Workmen's Compensation Bureau.

LOUIS PITRILLO, PETITIONER, v. STUBENVOLL TRUCK-
ING CO., RESPONDENT.

Decided February 20, 1941.

For the petitioner, *Frank D'Ascensio.*

For the respondent, *James J. Carroll.*

\* \* \* \* \* \* \*

It also appears from the record that a previous petition had been filed by the same petitioner alleging generally the same allegations and that a compromise settlement was entered into on November 8th, 1937, before Deputy Commissioner John J. Stahl. The record discloses that the order of the deputy commissioner was entitled, determination and rule for judgment. In substance, however, this order was merely a compromise settlement, without a determination of the issues on the merits of the case and I so find it to be. It is necessary for me to state that the order of compromise settlement denies that the petitioner received any injury by accident arising out of and in the course of his employment with the respondent.

The issues presented in the petition filed on November 6th, 1939, were, first, did the petitioner sustain accidental injury within the meaning and contemplation of the Workmen's Compensation act of this state and, second, if so, what was the extent of his disability.

On behalf of the petitioner, Dr. P. D. Gerard testified that he treated the petitioner from December 29th, 1936, up to October 3d, 1940, at which time the petitioner died from a carcinoma of the biliary tract and that from the time that he first started treatments and until July of 1940, the doctor received history of intermittent bloody urine. It was the opinion of the doctor that the petitioner sustained a laceration of the left kidney. The doctor was also present at an autopsy performed on October 11th, 1940, by Dr. Berardinelli of the Essex county medical examiner's office and which autopsy, according to the doctor, disclosed at least on visual inspection, two normal kidneys, that the left kidney was cut into sections and revealed on visual observation, no laceration or scarification, nor, any evidence of traumatic injury. The doctor also testified that it was his opinion notwithstanding that the petitioner had sustained a laceration of the left kidney resulting in a disability to that kidney in the amount of twenty-five per cent. The doctor also expressed the opinion that the function of the kidney in the lifetime of the petitioner was normal even though there was a history of bloody urine. The doctor was satisfied that death resulted from causes other than the alleged laceration of the kidney.

Dr. W. Kenneth Wheeler, a urologist, also testified on behalf of the petitioner to the fact that he had made an examination on March 3d, 1937, at which time he made a diagnosis of a laceration of the left kidney. The doctor also testified that pyelograms showed a normal left kidney and also that cystoscopy failed to show any damage to the left kidney and at that time the doctor concluded that there was no possibility of any permanent disability. At a subsequent examination, even though the laboratory findings were negative, such as pyelograms and cystoscopy, the doctor concluded that permanent disability had resulted to the left kidney by virtue of a laceration and that because of the history of bloody urine, the doctor was forced to this conclusion in spite of the negative laboratory tests. The doctor estimated the disability at twenty-five per cent. of the total and also stated that death was caused by disease entirely disassociated from the kidney.

Mrs. Pitrillo, widow of the petitioner, was also called as a witness on behalf of the petitioner as was Frank D'Ascensio, Esq., attorney for the petitioner. Mrs. Pitrillo testified that after December 29th, 1936, the petitioner had a bloody urine and complaints of pain and weakness when endeavoring to do manual labor.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

On behalf of the respondent, Dr. Otto Lowy and Dr. Leon Lewis, pathologists, testified that in their respective opinions the petitioner did not sustain any traumatic injury to either kidney and based their conclusions upon the fact that urinalysis made by them were negative for blood, cystoscopy tests were negative and pyelograms showed normal kidneys, plus the fact that the necropsy performed by Dr. Berardinelli showed no evidence of a laceration of either kidney but in fact showed two normal kidneys.

Dr. Berardinelli of the Essex county medical examiner's office,· testifying on behalf of the respondent, stated that he performed the autopsy on October 11th, 1940, and that death resulted from carcinoma of the biliary tract; that both kidneys measured six by two by two and one-half inches; that the capsules stripped easily each revealing a smooth surface; that the pelves of both kidneys were smooth and normal; that the ureters were not dilated and throughout their course, the inner lining was intact; that there was no evidence of stenosis or scarring and no evidence of trauma of any kind. This doctor concluded from his examination and sectioning of the kidneys that both kidneys were normal.

At the end of the case the attorney for the respondent moved for a dismissal of the claim petition on the ground, first, that petitioner's case was devoid of any competent evidence upon which to predicate accidental injury under the Compensation act, and second, that the greater weight of the evidence showed that the petitioner had sustained no permanent injury. Considering the first point raised by the respondent's conclusion, I am of the opinion and do conclude that there is no testimony upon which accidental injury can be predicated. Counsel for the petitioner argues that, because a compromise settlement was effected on November 8th, 1937,

wherein the respondent paid from twenty-one and five-sevenths weeks of temporary disability that such payment is an admission of liability. I am forced to disagree, as the cases are manifold that unless there is a hearing on the merits the matter cannot be *res adjudicata*. Accordingly, it is necessary for me to dismiss the claim petition filed herein for lack of proof of accidental injury within the Compensation act of this state. Since I am dismissing this petition for lack of proof of accident, it is not necessary for me to enter into prolonged comment on the permanent disability alleged.

\*     \*     \*     \*     \*     \*     \*

It is, therefore, \* \* \* ordered that the claim petition filed in the above entitled cause be, and the same is, hereby dismissed and that no costs are to be assessed against the respondent.

JOHN C. WEGNER,
*Deputy Commissioner.*